# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No: 09-C-506 |
| WEALTH MANAGEMENT LLC; JAMES PUTMAN; SIMONE FEVOLA; | |
| Defendants, and | |
| WML GRYPHON FUND LLC; WML WATCH STONE PARTNERS, L.P.; WML PANTERA PARTNERS, L.P.; WML PALISADE PARTNERS, L.P.; WML L3 LLC; and WML QUETZAL PARTNERS, L.P., | |
| Relief Defendants. | |

## TEMPORARY RESTRAINING ORDER AND ORDER FOR EMERGENCY RELIEF

This cause coming before the Court upon Plaintiff United States Securities and Exchange Commission's ("SEC") Emergency Motion for Temporary Restraining Order, Asset Freeze Order, Appointment of a Receiver, and Other Ancillary Relief (the "TRO motion") against defendants Wealth Management LLC ("WM") and James Putman ("Putman"), and relief defendants WML Gryphon Fund LLC, WML Watch Stone Partners, L.P., WML Pantera Partners, L.P., WML Palisade Partners, L.P., WML L3 LLC, and WML Quetzal Partners, L.P. (collectively with the other

funds listed above, the "WM Funds" or "Relief Defendants"). The Court has considered the SEC's TRO motion, the memorandum of law in support the motion, all of the declarations, exhibits and other documents filed in connection therewith, has read the complaint, and considered the arguments of counsel for all parties, and having been fully advised in the premises, finds:

(1) That this Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto.

(2) That the SEC has made a sufficient and proper showing in support of the relief granted by presenting a *prima facie* case of securities laws violations by Defendants WM, Putman, and Simone Fevola ("Fevola") as alleged in the SEC's Complaint.

(3) That there is good cause to believe that the SEC will ultimately succeed in establishing said violations.

(4) The Court finds good cause to believe that, unless restrained and enjoined by Order of this Court, Defendants WM and Putman may continue to violate the federal securities laws and may dissipate, conceal or transfer assets which could be subject to an Order of Disgorgement or Civil Penalties.

Accordingly, the Court hereby orders as follows:

## I.

## TEMPORARY RESTRAINING ORDER

**IT IS HEREBY ORDERED** that, pending determination of the SEC's request for a Preliminary Injunction, the **Defendants WM** and **Putman**, and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this Order by any manner permitted by the Order, are hereby restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]Section 10(b) of the Securities Exchange Act of 1934 [15

U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 CFR § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED** that the **Defendants WM** and **Putman**, and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this Order by any manner permitted by the Order, are hereby restrained and enjoined from violating, directly or indirectly, Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1), 80b-6(2) and 80b-6(4)], and Rule 206(4)-8 promulgated thereunder [17 C.F.R. 275.206(4)-8].

**IT IS FURTHER ORDERED** that **Defendant WM** and its agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this Temporary Restraining Order and Order For Emergency Relief ("Order") by any manner permitted by the Order, are hereby restrained and enjoined from violating, directly or indirectly, Section 207 of the Advisers Act [15 U.S.C. § 80b-7].

## II.

## APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED** that Faye Feinstein is hereby appointed as Receiver over **Defendant WM and each of the Relief Defendants the WM Funds**, in accordance with the Order Appointing Receiver entered contemporaneously with this Preliminary Injunction Order.

**IT IS FURTHER ORDERED** that **Defendants WM and Putman and Relief Defendants the WM Funds**, and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, shall cooperate with the Receiver to the fullest extent possible.

## III.
## ACCOUNTING BY DEFENDANT WM
## AND RELIEF DEFENDANTS THE WM FUNDS

**IT IS FURTHER ORDERED** that each of the **Defendant WM and Relief Defendants the WM Funds** shall each provide to the SEC, within 5 days of issuance of the TRO, a balance sheet as of May 19, 2009 showing all assets and liabilities held in their own name, control or otherwise have a beneficial interest having a value equal to or greater than $5,000, and for each such asset or liability, shall: (a) describe the asset or liability; (b) identify the location and custodian of the asset (including account numbers for assets held by financial or brokerage institutions); (c) identify the person or persons who have nominal title to the asset or to whom the liability is owed; and (d) provide the date the asset was acquired or the liability was incurred; (e) provide the cost of the asset or the original basis of the liability; (f) provide the current value of each asset and the basis for such valuation (including reference to and inclusion of documents relied upon for such valuation); and (g) provide the current balance of each liability, and the basis for such valuation (including reference to and inclusion of documents relied upon for such valuation).

**IT IS FURTHER ORDERED** that each of **Defendant WM and Relief Defendants the WM Funds** shall, within 5 days of the issuance of this Order, produce to the SEC, a cash flow statement showing, for the period from January 1, 2006 to the present, all receipts and disbursements by WM and WM Funds in excess of $1,000, identifying the nature or purpose of the transaction, and identifying the counterparty to the transaction.

**IT IS FURTHER ORDERED** that each of **Defendant WM and Relief Defendants the WM Funds** produce to the SEC, within 5 days of the issuance of this Order, a list identifying the date, amount, source and location of receipt of any and all transfers of any assets of $1,000 or greater made from WM or any WM Fund either directly or indirectly to or for the benefit of Putman, Fevola or any relative of either, since its inception.

## IV.
## ACCOUNTING FOR WM'S ADVISORY CLIENTS

**IT IS FURTHER ORDERED** that **Defendant WM** shall, within 5 days of issuance of the TRO, shall provide the SEC with an accounting relating to WM's advisory clients that includes at least the following:

(1) a list of all of WM clients who have entered into advisory or other asset management agreements at any time who either entered into such agreements after January 1, 2000 or who currently have any assets under management at WM, and for each such WM client include: (a) WM's current valuation of each such account, on an asset-by-asset basis, (b) the location and custodian of each asset in each such account, (c) a statement identifying basis for each valuation (either on a categorical or an asset-by-asset basis).

5

(2) the most recent statements sent by WM to each client for each account, and a list identifying and fully describe any transactions in any account since the most recent statement; and

(3) the most recent statements sent to WM or any WM clients by all custodians of the assets held for the benefit of WM's advisory clients.

**V.**

**EXPEDITED PRODUCTION OF DOCUMENTS**

**IT IS FURTHER ORDERED** that each of the **Defendant WM and Relief Defendants the WM Funds** shall produce to the SEC, within 5 days of the issuance of this Order:

(a) all books, records and all other documents supporting or underlying the accounting provided to the SEC pursuant to this Order;

(b) all financial statements, accountant's reports, bank statements, brokerage statements, documents indicating title to real or personal property, and any other indicia of ownership or interest in property of such Defendant or Relief Defendants, which indicia of ownership or interest are now in such Defendant's or Relief Defendants' actual or constructive possession; and

(c) all books, records and other documents in their possession, custody or control relating to any current or former advisory clients of WM who maintained accounts at WM at any time after January 1, 2000, including any communications with any current or former clients, and all investor agreements, risk questionnaires or other documents signed by any current of former client.

6

## VI.

## RECORDS PRESERVATION

**IT IS FURTHER ORDERED** that **Defendants WM and Putman, and Relief Defendants the WM Funds,** and all of their officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, financial transactions, statements, files and other property, wherever located of or pertaining: (a) in any way to any matters described in the Complaint filed by the SEC in this action and wherever located; or (b) relating to Putman's personal current or former assets or liabilities, or relating to any other business or personal financial dealings since January 1, 2006, until further order of this Court.

## VII.

## PLEADINGS AND WITNESSES FOR PRELIMINARY INJUNCTION HEARING

(a) If any party to this action intends to present the testimony of any witness at the hearing on a preliminary injunction in this matter, that such party shall, at least three 3 business days prior to the scheduled date and time of hearing, serve on counsel for the other parties a statement of the name, address, telephone number of any such witness, and either a summary of the witness' expected testimony, or the witness' affidavit or declaration revealing the substance of such witness' expected testimony;

(b) Requiring the Defendants and Relief Defendants who are subject to this TRO to serve any answering affidavits, pleadings or legal memoranda on counsel for the SEC not less than 3 business days prior to any preliminary injunction hearing.

## VIII.

## DURATION OF ORDER, PRELIMINARY INJUNCTION HEARING DATE

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that:

This Order shall expire at 5:00 o'clock p.m., on May 26, 2009 or such later date as may be extended by the Court, or agreed upon by the parties hereto.

That Defendants WM and Putman and the Relief Defendants the WM Funds shall appear before this Court on the 26th day of May, 2009 at the hour of 9:00 o'clock, a.m., and then and there show cause why this Court should not enter a preliminary injunction and order preliminary relief against the Defendants pursuant to Rule 65 of the Federal Rules of Civil Procedure extending the temporary relief granted in this TRO and the Asset Freeze Order until a final adjudication on the merits may be had.

## X.

## SERVICE AND NOTICE

**IT IS FURTHER ORDERED** that service of any notices or other documents required or permitted by this Order may be accomplished by any means, including, but not limited to fax, email, overnight courier, personal delivery, or U.S. mail.

## XI.

## PRESERVATION OF RIGHTS AND PRIVILEGES

**IT IS FURTHER ORDERED** that nothing in the TRO shall be construed to require that Defendants WM and Putman or Relief Defendants the WM Funds abandon or waive any constitutional or other legal privilege which they may have available to them.

**SO ORDERED** this 20th day of May, 2009.

s/ William C. Griesbach

UNITED STATES DISTRICT JUDGE

8