**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : |
| **Plaintiff,** | : |
| v. | : Civil Action No: 09-C-506 |
| **WEALTH MANAGEMENT LLC;** | : |
| **JAMES PUTMAN; SIMONE FEVOLA;** | : |
| **Defendants,** | : |
| and | : |
| **WML GRYPHON FUND LLC;** | : |
| **WML WATCH STONE PARTNERS, L.P.; WML PANTERA PARTNERS, L.P.; WML PALISADE PARTNERS, L.P.; WML QUETZAL PARTNERS, L.P.; and WML L3 LLC;** | : |
| **Relief Defendants.** | : |

**ORDER APPOINTING RECEIVER**

This cause coming to be heard on the emergency motion filed by Plaintiff, the United States Securities and Exchange Commission ("SEC" or "Commission"), filed on May 20, 2009 seeking, among other things, the appointment of a Receiver over defendants Wealth Management LLC ("WM"), and relief defendants WML Gryphon Fund LLC, WML Watch Stone Partners, L.P., WML Pantera Partners, L.P., WML Palisade Partners, L.P., WML L3 LLC, and WML Quetzal

Partners, L.P. (collectively with the other funds listed above, the "WM Funds" or "Relief Defendants");

This Court having granted the SEC's motion and having entered a Temporary Restraining Order and Order for Emergency Relief against all WM, Putman and the Relief Defendants, and an Asset Freeze Order as to defendant WM and the Relief Defendants;

This Court having reviewed all of the submissions of the SEC in connection with the emergency motion, and having conducted a hearing on such motion;

The Commission having submitted the credentials of a candidate to be appointed Receiver of all of the assets, properties, books and records, and other items of defendant WM and the Relief Defendants, including any properties, assets and other items held for the benefit of WM and the Relief Defendants by other entities or individuals, and all assets held in the custody of WM and the Relief Defendants for the benefit of any clients of WM and any investors in the WM Funds, and over the management of defendant WM and the Relief Defendants, and the Commission having advised the Court that this candidate is prepared to assume this responsibility immediately if so ordered by the Court; and

The Court being fully advised in the premises, the Court finds that a proper showing has been made for the relief granted herein, for the following reasons:

1. Plaintiff has established a *prima facie* case that Defendant WM and its principals James Putman ("Putman") and Simone Fevola ("Fevola") have engaged in the securities law violations alleged in the complaint.

2. It appears that WM, Putman and Fevola misused and dissipated assets that rightfully belong to WM's advisory clients and the WM Funds' investors; and made fraudulent and misleading statements and materially omissions to its clients and investors concerning their investments in the WM Funds, as well as Putman and Fevola's receipt of kickback payments derived from some of the WM Funds' investments.

2

3. Due in part to Defendant WM's, Putman's and Fevola's misconduct, it appears that WM and the WM Funds are in a precarious financial condition and some or all of their clients or investors have suffered and may suffer additional financial losses.

4. The appointment of a receiver is necessary to: (a) preserve the status quo; (b) ascertain the rightful ownership interests in certain assets currently within the possession, custody and control of WM and the WM Funds, and the disposition of client funds; (c) prevent the further misappropriation or misuse of the property and assets held by WM and the WM Funds on behalf of their clients or investors; (d) prevent the encumbrance or disposal of property or assets rightfully belonging to WM clients and WM Funds investors; (e) provide for continuity of operation and liquidity concerning WM's services to its advisory clients with segregated accounts and administer WM's business affairs with respect to those accounts; (f) ascertain the financial viability of WM; and (g) provide and implement a plan for recovering investments on behalf of the WM Funds and liquidating all WM Fund investments, and for the equitable distribution of WM Funds' assets to their investors.

## I.

## [Appointment]

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that Faye Feinstein is hereby appointed the Receiver for WM and the WM Funds, its subsidiaries, successors and assigns until otherwise ordered by the Court. The Receiver is empowered and instructed to perform the following general tasks, as set forth in greater detail herein:

A. administer and manage the business affairs, funds, assets, choses in action and any other property of WM and each of the WM Funds;

B. engage in an independent inquiry concerning WM's and each of the WM Funds' finances and operations, including the identification and location of all assets held or under management;

C. prepare an independent accounting of WM and WM Funds' assets, including the accounting and identification of assets required in the TRO issued on this date; and

D. Prepare a Report and Recommendation, as described in Section III below.

## II.

3

**[Legal Powers to Conduct Business Affairs]**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Receiver shall take control of WM's and the WM Funds' operations, funds, assets and property wherever situated, with the powers set forth herein, including powers over all funds, assets, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, and other property belonging to or in the possession of or control of WM and the WM Funds, and the Receiver is hereby authorized, empowered, and directed:

    A.     to have access to and take control of all funds, assets, premises (whether owned, leased, occupied or otherwise controlled), choses in action, books, records, papers, and other property of WM and the WM Funds -- including assets and funds within WM's and the WM Funds' possession, custody or control that are held for the benefit of clients or investors -- with full power to monitor and approve each transaction, disbursement or receipt of funds, or any other disposition relating to such funds, assets or property, and with full power to take such steps as he deems necessary to secure such premises, funds and property;

    B.     to have control of, and to be added as an authorized signatory for, all accounts of WM and any of the WM Funds at any bank, brokerage firm or financial institution which has possession, custody or control of any assets or funds of WM or any of the WM Funds, or assets or funds within the possession, custody or control of WM or the WM Funds that are held for the benefit of clients or investors, wherever situated;

    C.     to take such action as is necessary and appropriate to preserve and take control of, and to prevent the dissipation, concealment, or disposition of any assets of WM and the WM Funds, or assets within the possession, custody or control of WM and the WM Funds that are held for the benefit of clients or investors;

    D.     to make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by him, and to incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary and advisable in discharging his or her duties as Receiver;

    E.     to engage and employ persons in his discretion to assist him or her in carrying out his or her duties and responsibilities hereunder, including,

4

but not limited to, lawyers, accountants, and investment advisers; and

## III.

## [Investigation and Report]

**IT IS FURTHER ORDERED AND DECREED** that, in connection with this appointment, the Receiver shall prepare and submit to the Court and the parties, within 21 days after her appointment, a report setting forth her findings as to the financial status of WM and its viability as a going concern. The Receiver shall also begin the process of investigating the following, and her report shall include her progress during such 21 day period in connection therewith, and her related recommendations:

A. The assets and liabilities of WM and the WM Funds as of the date of this Order;

B. Tracing the flow of funds between WM and the WM Funds and all clients, including Putman and Fevola or any of their family members, or any accounts over any of them have custody, control or any beneficial interest;

C. For each client of WM, identifying and determining:

a. the net contribution amount made by each WM client into each WM Fund;
b. the current stated value of each such WM client's assets in each such Fund;
c. all assets placed under WM's management that are not invested in the WM Funds;

D. For each of the WM Funds, identifying and determining:

a. The location of the WM Funds' assets;
b. The historical sources and uses of WM Funds' assets;
c. The stated values of each of the WM Funds' investments; and
d. A range of values for the actual values of the WM Funds' investments.

5

E. Ascertaining the rightful ownership interests of assets currently within the possession, custody and control of WM;

F. A description of all operations of WM and the identity of all persons involved in such operations and the nature of their involvement;

G. Findings assessing WM's and the WM Funds' solvency, liquidity and ability to return all assets placed with them by all clients of WM and investors in the WM Funds;

H. Findings assessing WM's and the WM Funds' ability to continue to fund the Receivership;

I. Recommendations concerning the maximization of WM's and the WM Funds' value and the preservation of their assets pending the earlier of liquidation of all assets to clients and investors, or resolution of this lawsuit;

J. Recommendations concerning the future management of WM and the WM Funds, including, but not limited to, whether Putman should be permitted to retain any control or management authority over WM or the WM Funds during the pendency of this lawsuit; and

K. Recommendations concerning the continuation, if at all, of the Receivership.

## IV.

### [Obligations of Others to Receiver]

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, in connection with the appointment of the Receiver provided for above:

A. WM and the WM Funds, and their officers, agents, servants, employees, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of them, or of assets or funds within their possession, custody or control that are held for the benefit of clients or investors, shall forthwith give access to and control of such property to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody

6

or control of any assets or funds in the name of or for the benefit of WM and the WM funds and/or their clients or investors;

B. All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of or for the benefit of WM and the WM Funds and/or any of their clients or investors shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

C. Unless and as authorized by the Receiver, Defendants shall not take any action, or purport to take any action, in the name of or on behalf of WM or any of the WM Funds;

D. WM and the WM Funds, and their respective officers, agents, servants, employees, and attorneys-in-fact, shall cooperate with and assist the Receiver, including, if deemed necessary by the Receiver, by appearing for deposition testimony and producing documents, upon two days' faxed notice, and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of his or her duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

E. WM and the WM Funds shall be responsible for paying the costs, fees and expenses of the Receiver incurred in connection with the performance of his or her duties described herein, including the costs and expenses of those persons who may be engaged or employed by the Receiver to assist him or her in carrying out his or her duties and obligations hereunder. All applications for costs, fees and expenses for services rendered in connection with the Receiver shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court;

F. No bond shall be required in connection with the appointment of the Receiver. Except for her gross negligence, the Receiver shall not be liable for any loss or damage incurred by WM or the WM Funds, or their officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver or any of her agents or employees in connection with the discharge of her duties and responsibilities hereunder.

7

## V.

### [Access to Books and Records]

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, during the period of his or her appointment, the Receiver shall have continuing access to inspect or copy any or all of the corporate books and records and other documents of WM and the WM Funds, and continuing access to inspect the funds, property and assets of WM and the WM Funds and any assets or funds within the possession, custody or control of WM and the WM Funds that are held for the benefit of clients or investors, wherever they may be located.

## VI.

### [Compensation, Cap on Payments]

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Receiver, and any agent utilized by the Receiver, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by Receiver; said amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to the approval of the Court; <u>provided</u>, <u>however</u>, that the Receiver and her attorneys and advisors may not receive compensation exceeding $200,000 collectively during the initial 21 days of her appointment without the prior approval of the Court. The fees may be paid to the Receiver, upon approval of the Court, from any bank account in the name of WM or the WM Funds, or any account designated by the Court.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED** this 20th day of May, 2009.

        s/ William C. Griesbach
        William C. Griesbach
        U.S. District Judge