**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No: 09-C-506 |
| | : |
| WEALTH MANAGEMENT LLC; | : |
| JAMES PUTMAN; SIMONE FEVOLA; | : |
| | : |
| Defendants, | : |
| and | : |
| | : |
| WML GRYPHON FUND LLC; | : |
| WML WATCH STONE PARTNERS, L.P.; WML | : |
| PANTERA PARTNERS, L.P.; WML PALISADE | : |
| PARTNERS, L.P.; WML L3 LLC; | : |
| and WML QUETZAL PARTNERS, L.P., | : |
| | : |
| Relief Defendants. | : |

## ORDER FREEZING ASSETS

This cause coming before the Court upon Plaintiff United States Securities and Exchange

Commission's ("SEC") Emergency Motion for Temporary Restraining Order, Asset Freeze Order,

Appointment of a Receiver, and Other Ancillary Relief (the "TRO motion") against defendants

Wealth Management LLC ("WM"), and relief defendants WML Gryphon Fund LLC, WML Watch

Stone Partners, L.P., WML Pantera Partners, L.P., WML Palisade Partners, L.P., WML L3 LLC,

and WML Quetzal Partners, L.P. (collectively with the other funds listed above, the "WM Funds"

or "Relief Defendants").  The Court has considered the SEC's TRO motion, the memorandum of

law in support the motion, and all of the declarations, exhibits and other documents filed in

connection therewith, has read the complaint, and considered the arguments of counsel for all parties, and having been fully advised in the premises, finds:

(1) That this Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto.

(2) That the SEC has made a sufficient and proper showing in support of the relief granted by presenting a *prima facie* case of securities laws violations by the Defendants as alleged in the SEC's TRO motion. There is good cause to believe that the SEC will ultimately succeed in establishing said violations.

(3) That as a result of the Defendants' securities law violations, the Relief Defendants, the WM Funds, collectively obtained monies from investors throughout the period May 2003 through August 2008.

(4) That as a result of the Defendants' securities law violations, Defendant WM has obtained payments from the WM Funds throughout the approximate period of May 2003 through April 2009.

(5) That Defendants may attempt to dissipate or transfer from the jurisdiction of this Courts funds, property, and other assets that could be subject to an order of disgorgement or civil penalties pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)], Section 21(d) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)], and Section 209(e) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-9(e)].

2

(6) That an order freezing assets in necessary to preserve the *status quo* and to protect this Court's ability to award equitable relief.

**NOW, THEREFORE,**

**I.**

**IT IS HEREBY ORDERED** that, pending determination of the SEC's request for a Preliminary Injunction, **Defendant WM, and Relief Defendants the WM Funds**, and their agents, servants, employees, attorneys, and those persons in active concert or participation with them (including without limitation banks or brokerages), and each of them who receive actual notice of this Order Freezing Assets ("Asset Freeze Order") by any means permitted by this Asset Freeze Order, hold and retain within their control, and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any corporate, partnership, or funds, or other properties (including money, real or personal property, securities, chose in action or property of any kind whatsoever) of Defendant WM or Relief Defendants the WM Funds currently held by them or under their control, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, and directing each of the financial or brokerage institutions, debtors, and bailees, or any other person or entity holding such assets, funds, or other properties of Defendant WM or Relief Defendants the WM Funds, to hold or retain with its control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties; provided, however, that this order shall not apply to segregated, individual accounts of advisory clients (other than the WM Funds) which WM manages for those clients in the name of those clients, including without limitation accounts held at Charles Schwab & Co., Inc.

3

**II.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Asset Freeze Order shall remain in force until a final adjudication on the merits may be had, unless earlier modified or terminated by order of this Court;

**III.**

**IT IS FURTHER ORDERED** that service of any notices or other documents required or permitted by this order may be accomplished by any means, including, but not limited to fax, email, overnight courier, personal delivery, or U.S. mail.

**IV.**

**IT IS FURTHER ORDERED** that nothing in this Asset Freeze Order shall be construed to require that Defendants or Relief Defendants abandon or waive any constitutional or other legal privilege which they may have available to them.

**SO ORDERED** this 20th day of May, 2009

s/ William C. Griesbach
WILLIAM C. GRIESBACH
UNITED STATES DISTRICT COURT JUDGE

4