UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

  v.                                                   Civil Action No: 09-C-506

WEALTH MANAGEMENT LLC;
JAMES PUTMAN; and SIMONE FEVOLA,

      Defendants, and

WML GRYPHON FUND LLC;
WML WATCH STONE PARTNERS, L.P.; WML
PANTERA PARTNERS, L.P.; WML PALISADE
PARTNERS, L.P.; WML L3, LLC; and WML
QUETZAL PARTNERS, L.P.,

      Relief Defendants.

## PRELIMINARY INJUNCTION ORDER

Before the Court is the Agreed Motion for a Preliminary Injunction Order and Other Ancillary Orders against defendants Wealth Management LLC ("WM") and James Putman ("Putman"), and relief defendants WML Gryphon Fund LLC, WML Watch Stone Partners, L.P., WML Pantera Partners, L.P., WML Palisade Partners, L.P., WML L3 LLC, and WML Quetzal Partners, L.P. (collectively with the other funds listed above, the "WM Funds" or "Relief Defendants"). The Court has considered this motion and having previously considered the SEC's TRO motion, the memorandum of law in support the motion, all of the declarations, exhibits and

other documents filed in connection therewith, has read the complaint, and considered the arguments of counsel for all parties, and having been fully advised in the premises, finds:

(1) That this Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto.

(2) That the SEC has made a sufficient and proper showing in support of the relief granted by presenting a *prima facie* case of securities laws violations by Defendants WM, Putman, and Simone Fevola ("Fevola") as alleged in the SEC's Complaint.

(3) That there is good cause to believe that the SEC will ultimately succeed in establishing said violations.

(4) The Court finds good cause to believe that, unless preliminarily enjoined by Order of this Court, Defendants WM and Putman may continue to violate the federal securities laws and may dissipate, conceal or transfer assets which could be subject to an Order of Disgorgement or Civil Penalties.

Accordingly, the Court hereby orders as follows:

## I.

## PRELIMINARY INJUNCTION

**IT IS HEREBY ORDERED** that, pending determination of the SEC's request for a Preliminary Injunction, the **Defendants WM** and **Putman**, and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this Order by any manner permitted by the Order, are hereby preliminarily enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 CFR § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

2

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED** that the **Defendants WM** and **Putman**, and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this Order by any manner permitted by the Order, are hereby preliminarily enjoined from violating, directly or indirectly, Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1), 80b-6(2) and 80b-6(4)], and Rule 206(4)-8 promulgated thereunder [17 C.F.R. 275.206(4)-8].

**IT IS FURTHER ORDERED** that **Defendant WM** and its agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this Temporary Restraining Order and Order For Emergency Relief ("Order") by any manner permitted by the Order, are hereby preliminarily enjoined from violating, directly or indirectly, Section 207 of the Advisers Act [15 U.S.C. § 80b-7].

## II.

## FIRST MODIFIED ORDER APPOINTING RECEIVER

**IT IS FURTHER ORDERED** that Faye Feinstein shall continue to act as Receiver over **Defendant WM and each of the Relief Defendants the WM Funds**, in accordance with the First

Modified Order Appointing Receiver entered contemporaneously with this Preliminary Injunction Order.

**IT IS FURTHER ORDERED** that **Defendants WM and Putman and Relief Defendants the WM Funds**, and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, shall cooperate with the Receiver to the fullest extent possible.

## III.

## ORDER EXTENDING ASSET FREEZE

**IT IS FURTHER ORDERED** that the Asset Freeze Order entered by the Court on May 20, 2009 shall be extended pursuant to the terms of the Order Extending Asset Freeze entered contemporaneously with this Preliminary Injunction Order.

## IV.

## RECORDS PRESERVATION

**IT IS FURTHER ORDERED** that **Defendants WM and Putman, and Relief Defendants the WM Funds,** and all of their officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, financial transactions, statements, files and other property, wherever located of or pertaining: (a) in any way to any matters described in the Complaint filed by the SEC in this action and wherever located; or (b) relating to Putman's personal current or former assets or liabilities, or relating to any other business or personal financial dealings since January 1, 2006, until further order of this Court.

## V.

## SERVICE AND NOTICE

**IT IS FURTHER ORDERED** that service of any notices or other documents required or permitted by this Order may be accomplished by any means, including, but not limited to fax, email, overnight courier, personal delivery, or U.S. mail.

## VI.

## PRESERVATION OF RIGHTS AND PRIVILEGES

**IT IS FURTHER ORDERED** that nothing in the Preliminary Injunction Order shall be construed to require that Defendants WM and Putman or Relief Defendants the WM Funds abandon or waive any constitutional or other legal privilege which they may have available to them.

## VII.

## DURATION OF ORDER

This Order shall remain in full force and effect until further Order of the Court.

**SO ORDERED** this 26th day of May, 2009.

        s/ William C. Griesbach
        William C. Griesbach
        U.S. District Judge