UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

v.                                                           Case No. 09-C-506

WEALTH MANAGEMENT LLC, JAMES PUTMAN,
SIMONE FEVOLA, et al.,

        Defendants.

**ORDER DENYING COMMUNITY FIRST CREDIT UNION'S
MOTION TO LIFT STAY IN ITS ENTIRETY**

        On June 16, 2009, this Court entered an Order granting the receiver's motion to temporarily stay all ancillary litigation against WM, the WM Funds, James Putman and Simone Fevola. On June 30, 2009, the stay was extended pending a hearing on September 9, 2009. Community First Credit Union ("CFCU") has asserted a claim against WM based upon a line of credit with a balance in excess of $650,000.00. CFCU has intervened in this action and now seeks an order lifting this Court's stay so that it may proceed with foreclosure of property that was mortgaged by James Putman to secure WM's debt. Putman also issued a personal guarantee for the loan. To the extent the property that secures the debt is not sufficient, CFCU also seeks leave to proceed against Putman personally on his guarantee in order to recover the full amount of the debt.

        On September 9, 2009, the Court lifted the stay to the extent necessary for CFCU to proceed only against property that was mortgaged to secure the debt. The Court then invited the receiver to respond to CFCU's motion with respect to the balance of the stay. The receiver has now filed

a brief in opposition, and CFCU has filed a reply. Having considered the briefs and arguments of the attorneys and the entire record in this matter, I conclude that CFCU's motion to lift the stay to allow it to proceed against Putman personally should be denied.

To the extent that CFCU's debt is not secured by the mortgaged property, CFCU stands as a general creditor against Putman and WM. In that respect, CFCU is no different than any of the other general creditors. To allow CFCU to proceed on the unsecured portion of its claim would be unfair to the investors and other creditors whose claims have been stayed and would defeat the purpose of the stay, which is to allow the Receiver to conduct a comprehensive investigation to identify all of the assets of WM and its various funds and subfunds, and continue the process of liquidating those assets so a fair and equitable distribution can be made to the creditors and investors. Among the assets being considered by the Receiver are possible claims against Putman. To allow CFCU to pursue its claim against Putman, while staying those of the other creditors and investors, would unfairly benefit CFCU.

In this case, just as in a bankruptcy matter, a stay of ancillary litigation is necessary to permit an orderly and efficient liquidation and distribution of the estate for the benefit of all creditors and investors. If litigation is allowed to proceed piecemeal, investors, creditors and other third-party litigants may be foreclosed from receiving their fair share of the WM Funds' assets. This would result because judgments resulting from ancillary claims brought against the funds or potentially liable parties could exhaust whatever resources exist before the Receiver has even had a chance to identify the asset pool. It would be fundamentally unfair if only aggressive claimants, who hire counsel and bring actions in the earliest days of the receivership, have an opportunity to recover a share of the potential assets. It was to avoid such a result that the Court entered the stay in the first

place.  CFCU has offered no reason why it should be treated differently than other creditors with respect to the unsecured portion of its claim.  Accordingly, it motion to lift the stay in its entirety will be denied.

The stay ordered by the Court, however, is not indefinite.  The Receiver must move quickly to assess potential claims against Putman on behalf of the investors so that his creditors are not prevented from proceeding against him on liquidated claims, especially in light of the fact that his personal assets are not frozen.  The Receiver should be prepared to advise the Court as to whether she intends to pursue claims against Putman at the next hearing currently set for November 4, 2009. CFCU may renew its motion at that time.

**SO ORDERED** this     7th     day of October, 2009.

                                                           s/ William C. Griesbach
                                                           William C. Griesbach
                                                           United States District Judge