UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

  v.                              Case No. 09-C-506

WEALTH MANAGEMENT LLC, JAMES PUTMAN,
SIMONE FEVOLA, et al.,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS
DEFENDANT PUTMAN'S COUNTERCLAIMS AND DENYING
DEFENDANT PUTMAN'S MOTION FOR CONSIDERATION**

---

The Securities and Exchange Commission ("the Commission") brought this enforcement action against Wealth Management LLC ("WM"), James Putman, WM's founder, and Simone Fevola, WM's former president and chief investment officer. The Commission alleges that defendants violated the Securities Act of 1933, 15 U.S.C. § 77a *et seq.*, the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78a *et seq.*, and Rule 10b-5, 17 C.F.R. § 240.10b-5. The Complaint also alleges violations of the Investment Advisors Act of 1940, 15 U.S.C. § 80b-1 *et seq*.

On September 15, 2009, Putman, who proceeds *pro se*, filed an Answer to the Complaint, in which he asserted two counterclaims against the Commission and the Court-appointed Receiver. (Doc. # 70.) Putman's first counterclaim is that the Commission "and its agent, the Receiver" have breached their fiduciary duties to investors by failing to inform investors of their rights under the terms of the various operating agreements that Putman asserts still control the funds WM managed.

(*Id*. at 10.) Putman's second counterclaim is that the Receiver and her counsel have made inappropriate billings. (*Id*. at 10-11.) The Commission moves for dismissal of Putman's counterclaims. (Doc. # 108.)

On October 21, 2009, Putman filed a "Motion for Consideration of: (1) Notice to Investors by Receiver and (2) Allocation of Receiver's Fees" ("Motion for Consideration"). (Doc. # 120.) The Receiver filed a response in opposition to Putman's Motion for Consideration. (Doc. # 139.) For the reasons stated below, The Commission's motion to dismiss Putman's counterclaims will be granted and Putman's Motion for Consideration will be denied.

## The Commission's Motion to Dismiss Putman's Counterclaims

The Commission argues that Putman's counterclaims must be dismissed for three reasons. First, it asserts that § 21(g) of the Exchange Act, 15 U.S.C. § 78u(g), prohibits the filing of counterclaims against the Commission in the same proceeding as an action for equitable relief, absent the consent of the Commission. The Commission further contends that even if the Exchange Act did not prevent such counterclaims, the doctrine of sovereign immunity would. Finally, the Commission also asserts that Putman's counterclaims are also subject to dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Section 21(g) of the Exchange Act provides:

Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g). "The purpose of Section 78u(g) is to ensure speedy resolution of SEC enforcement actions . . . ." *SEC v. McCaskey*, 56 F. Supp. 2d 323, 325 (S.D.N.Y. 1999) (citation

2

omitted). As adding claims to lawsuits tends to protract litigation, § 21(g) has been routinely employed to dismiss third-party complaints and counterclaims. *Id.*; *SEC v. Better Life Club of America, Inc.*, 995 F. Supp. 167, 179-80 (D.D.C.1998).

In response to the Commission's motion, Putman appears to argue that because the Commission seeks both equitable and legal relief, the statute's bar on other actions is inapplicable. Thus, Putman recommends that the Court should read the phrase "no action for equitable relief instituted by the Commission" exclusively, rather than inclusively. The Commission maintains that it has not lost the protections afforded by § 21(g) merely because it seeks relief at law in addition to equitable relief. It also points to various authorities which have adopted an inclusive interpretation of § 21(g).

Putman's argument was rejected in *SEC v. Thrasher*, No. 92-6987, 1995 WL 456402 (S.D.N.Y. Aug. 2, 1995), where the court found that "[t]he legislative history and relevant case law warrant a finding that § 21(g) may be employed by the SEC in actions seeking both equitable relief and civil penalties." 1995 WL 456402, at *4. Other courts have reached the same conclusion as the court in *Thrasher*. *SEC v. Bradt*, No. 93-8521, 1995 Fed. Sec. L. Rep. ¶ 98, 624, 1995 WL 215220, at *1 (S.D. Fla. Mar. 7, 1995) (rejecting defendant's contention that Section 21(g) applies only when the sole relief sought by the Commission is equitable); *SEC v. Downe*, No. 92-4092, 1994 Fed. Sec. L. Rep. ¶ 98, 140, 1994 WL 67826, at *1 (S.D.N.Y. Mar. 3, 1994) (granting motion to strike cross-claims to which the Commission had not consented based upon § 21(g)); *SEC v. Sprecher*, No. 92-2860, 1993 WL 544306, at *1 (D.D.C. Dec. 16, 1993) (Section 21(g) bars counterclaim in Commission action seeking injunctive relief and civil penalties); *see also SEC v. One or More Unknown Traders in the Common Stock of Certain Issuers*, 530 F. Supp. 2d 192, 195

3

(D.D.C. 2008) ("Courts have routinely held that [] [§ 21(g)] bars both cross-claims and counterclaims.") (citing *SEC v. Pinchas*, 421 F. Supp. 2d 781 (S.D.N.Y. 2006); *McCaskey*, 56 F. Supp. 2d 323; *SEC v. Prudential Sec. Inc.*, 171 F.R.D. 1, 3 (D.D.C. 1997); *Thrasher*, 1995 WL 456402; *SEC v. Randy*, 1995 WL 616788 (N.D. Ill. Oct. 17, 1995); *Downe*, 1994 WL 67826; *SEC v. Allison*, 1981 WL 1667 (N.D. Cal. Aug. 7, 1981)); *see also SEC v. Heartland Group, Inc.*, No. 01-1984, 2003 WL 103015, at *2 (N.D. Ill. Jan. 10, 2003) (observing that "[w]hile this section may not explicitly refer to intervention, cross-claims, counter-claims or third-party complaints by name, many courts have concluded such procedural devices to be barred because § 21(g) acts as an 'impenetrable wall.'") (citations omitted). In light of this authority, the Court concludes that bar created by § 21(g) applies in actions brought by the Commission for both equitable relief and civil penalties. Putman's counterclaims must be therefore be dismissed.[1]

### Putman's Motion for Consideration

Putman brought his Motion for Consideration to address the same issues he raised in his counterclaims. He seeks an order "(1) requiring the Receiver to notify the 'titled' owners of the WM Funds of their rights to elect a general manager/partner which would replace WM with respect to such WM Funds; and (2) requiring the Receiver to allocate the Receiver's billings to the particular legal entity to which the billings relate . . . ." (Doc. # 120 at 1-2.)

Putman's claim that the Receiver should notify the investors of their provisions of the operating or partnership agreements is based upon the mistaken belief that such agreements govern the Receiver's actions. This is not the case, as the duties of the Receiver, an officer of the Court,

---

[1] As I find that § 21(g) of the Exchange Act prevents Putman from bringing his counterclaims, I need not address the Commission's arguments that the counterclaims are also subject to dismissal on the basis of sovereign immunity and for failure to state a claim.

4

are outlined in the First Modified Order Appointing Receiver, which was entered on May 26, 2009. (Doc. # 14.) The Court's appointing of the Receiver supplants the operating or partnership agreements of the WM funds. As the Receiver has no duty to abide by such agreements, Putnam's claim that the Receiver has a duty to inform investors of the provisions of the agreements must fail.

Putman's complaint over the way in which the Receiver has allocated her fees to the WM funds is also without merit. As the Receiver argues, the way in which she has charged her fees to the receivership entities has been transparent. Further, the Court independently reviewed the Receiver's application for fees and found them reasonable. (Doc. # 67.) Nothing suggests that the Receiver has not acted in the best interests of the receivership entities, or that her straight pro rata allocation of fees against the cash available in the WM funds was unreasonable.[2]

Accordingly, the Commission's motion to dismiss Putman's counterclaims [Doc. # 108] is **GRANTED**. Putman's Motion for Consideration [Doc. # 120] is **DENIED**.

**SO ORDERED** this    9th    day of November, 2009.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge

---

[2] The Receiver indicates that because one of the receivership entities, the L3 Fund, only has eight investors and its own unique investments, in the future only fees related to the L3 Fund will be charged to that fund. (Doc. # 139 at 4.) She has also established separate billing numbers for three sub-funds and indicates she intends to separate these matters from the straight pro rata approach as they constitute the largest investments of some of the WM Funds. (*Id*. at 4-5.) These deviations from her straight pro rata approach appear reasonable.