UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

v.                                                              Case No. 09-C-506

WEALTH MANAGEMENT LLC, JAMES PUTMAN,
SIMONE FEVOLA, et al.,

        Defendants.

**ORDER LIFTING STAY OF ANCILLARY LITIGATION
AGAINST DEFENDANT PUTMAN**

On June 16, 2009, this Court entered an Order granting the receiver's motion to temporarily stay all ancillary litigation against Wealth Management LLC ("WM"), the WM Funds, James Putman and Simone Fevola. On June 30, 2009, the stay was extended. Community First Credit Union ("CFCU") intervened in this action and the Court lifted the stay to proceed with foreclosure of property that was mortgaged by Putman to secure WM's debt. CFCU sought leave to proceed against Putman individually on his personal guarantee of the loan CFCU made to WM. The Court denied CFCU's request on October 7, 2009, but noted that the stay would not continue indefinitely.

At a hearing on November 4, 2009, the Receiver maintained that the stay was still necessary. The Receiver noted that CFCU had violated the stay order by offsetting funds held in a WM account at CFCU and that secured WM's line of credit with CFCU. CFCU also filed an action against Putman in state court seeking to recover on his personal guarantee. The Receiver also argues that CFCU should not be permitted the opportunity to leapfrog other potential claims of

creditors or the Receiver on behalf of investors in the WM funds. CFCU, on the other hand, renewed its request that the stay be lifted in order to allow it to pursue its claims against Putman personally.

I conclude that CFCU should be permitted to pursue its claim against Putman. The Receiver seems to suggest CFCU should be required to wait things out as a sanction for violating the Court's stay. But CFCU held a security interest in the account it used to offset what WM owed on its line of credit, so its seizure of WM funds did not result in a benefit to CFCU that it would not otherwise have received. CFCU was entitled to the money in any event; its conduct was premature. While any violation of a federal court's order is a serious matter, there is no evidence that CFCU acted willfully. If the Receiver has evidence to the contrary, the Court will consider a motion for contempt. Under the circumstances, however, the Court is unpersuaded that CFCU should be barred from attempting to collect on the guarantee given it by Putman.

It is true that if the stay is lifted and CFCU succeeds in obtaining a judgment against Putman, it will have priority over any possible judgment the investors would have against him in the event the Receiver elects to proceed against him on their behalf and is successful. But that will be true even if the Court continues the stay on CFCU's action for now. CFCU's claim is presumably liquidated, and once the stay is lifted, CFCU's action is likely to quickly proceed to judgment, assuming the claim is valid. The same cannot be said, however, as to any claim the investors may have against him. In the event the Receiver elects to proceed against Putman on behalf of the investors, any action she commenced would take at least a year to resolve (more likely longer), and there is no guarantee a judgment against him would be obtained. Under these

2

circumstances, I can conceive no reason to continue to stay CFCU's action against Putman individually.

Finally, although I noted in my previous order extending the stay that a stay was necessary to permit an orderly and efficient liquidation and distribution of the estate for the benefit of all creditors and investors, Putman's personal assets are not part of any Receivership estate. The order entered by the Court freezing the assets of WM and the funds and subfunds did not apply to Putman, so concerns about preservation of the status quo in relation to Putman's assets ring hollow. The stay was instituted in the first place under the Court's equitable powers. Because it now appears that it would be inequitable to require CFCU to sit on the sidelines instead of pursuing its claim against Putman, a claim that is unrelated to this action and that is based on Putman's personal guarantee of WM's debt to CFCU and given in order to secure financing for WM, I will lift the stay.

**THEREFORE, IT IS ORDERED** that the stay of ancillary litigation is lifted as to CFCU's claim against Putman based upon his personal guarantee of WM's indebtedness.

Dated this   20th   day of November, 2009.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge

3