# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                                     Case No: 09-C-506

WEALTH MANAGEMENT, LLC,
JAMES PUTMAN, and SIMONE FEVOLA,

    Defendants,

and

WML GRYPHON FUND, LLC;
WML WATCH STONE PARTNERS, L.P.; WML
PANTERA PARTNERS, L.P.; WML PALISADE
PARTNERS, L.P.; WML L3, LLC;
WML QUETZAL PARTNERS, L.P., and
EMPLOYEE SERVICES OF APPLETON, INC.,

    Relief Defendants.

## FINAL JUDGMENT
### AGAINST DEFENDANT WEALTH MANAGEMENT LLC; AND RELIEF DEFENDANTS WML GRYPHON FUND LLC; WML WATCH STONE PARTNERS, L.P.; WML PANTERA PARTNERS, L.P.; WML PALISADE PARTNERS, L.P.; WML L3, LLC; and WML QUETZAL PARTNERS, L.P.

This cause coming before the Court upon Plaintiff United States Securities and Exchange Commission's ("SEC") Application for Final Judgment By Default Against Defendant Wealth Management LLC ("Wealth Management") and Relief Defendants WML Gryphon Fund LLC ("Gryphon"), WML Watch Stone Partners, L.P. ("Watch Stone"), WML Pantera Partners, L.P. ("Pantera"), WML Palisade Partners, L.P. ("Palisade"), WML Quetzal Partners, L.P. ("Quetzal"),

and WML L3, LLC ("L3," and, collectively with the other funds listed above, the "WM Funds" or "Relief Defendants"). The Court has considered this application, the memorandum of law, declaration, and exhibits filed in support of the application, and having been fully advised in the premises, finds:

1. That this Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto;

2. That Plaintiff properly served Defendant Wealth Management, and each of the Relief Defendants with a copy of the Summons and Complaint in this action, in accordance with Fed. R. Civ. P. 4;

3. That Wealth Management and each of the Relief Defendants failed to answer or otherwise respond to the Complaint;

4. That the Court properly entered defaults against Wealth Management and each of the Relief Defendants, pursuant to Fed. R. Civ. P. 55(a), on November 4, 2009;

5. That entry of a Final Judgment against Defendant Wealth Management and all Relief Defendants is appropriate under Fed. R. Civ. P. 55(b)(2);

6. That the injunctive and monetary relief Plaintiff seeks against Defendant is adequately supported in fact and law by the evidence and methodology set forth in the application, Plaintiff's memorandum in support of the application, the declaration of SEC Staff Accountant Jean Javorski, and the schedules and exhibits attached thereto; and

7. That therefore, Plaintiff's application should be, and is, hereby **GRANTED**, and the following Order issued:

# I.

## Judgment By Default

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Fed. R. Civ. P. 55(b), judgment by default is hereby entered against Defendant Wealth Management and Relief Defendants Gryphon, Watch Stone, Pantera, Palisade, Quetzal and L3.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** the Court finds in favor of the Plaintiff on all factual allegations and causes of action asserted by Plaintiff in its Complaint against Defendant Wealth Management and Relief Defendants Gryphon, Watch Stone, Pantera, Palisade, Quetzal and L3. As to Defendant Wealth Management, the Court specifically finds that, through its conduct as alleged in the Complaint, Wealth Management violated the antifraud provisions of the federal securities laws contained at Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. 9 78j(b)] and Rule 10b-5 [17 C.F.R. § 9240.10b-5] promulgated thereunder; Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1), 80b-6(2) and 80b-6(4)], and Rule 206(4)-8 promulgated thereunder [17 C.F.R. 275.206(4)-8]; and Section 207 of the Advisers Act [15 U.S.C. § 80b-7].

# II.

## -- Permanent Injunction --
## Violations of Antifraud Provisions of Securities Exchange Act

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Wealth Management and its agents, servants, employees, attorneys, and those persons in active concert or

participation with them, and each of them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 CFR § 240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

**-- Permanent Injunction --**
**Violations of the Antifraud Provisions of the Securities Act**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Wealth Management and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(1) to employ any device, scheme, or artifice to defraud;

(2) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV.

**-- Permanent Injunction --**
**Violations of the Antifraud Provision of the Investment Advisers Act**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendant Wealth Management, and its agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1), 80b-6(2) and 80b-6(4)], and Rule 206(4)-8 promulgated thereunder [17 C.F.R. 275.206(4)-8].

## V.

**-- Permanent Injunction --**
**Violations of Antifraud Provision Filing False**
**Statements with the SEC Under Investment Advisers Act**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Wealth Management and its agents, servants, employees, attorneys, and those persons in active concert or

5

participation with them, and each of them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 207 of the Advisers Act [15 U.S.C. § 80b-7].

## VI.

### Order Continuing Appointment of Receiver

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Faye Feinstein shall continue to act as Receiver over Defendant Wealth Management and Relief Defendants Gryphon, Watch Stone, Pantera, Palisade, Quetzal and L3, subject to further order of the Court.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Wealth Management and Relief Defendants Gryphon, Watch Stone, Pantera, Palisade, Quetzal and L3, and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, shall cooperate with the Receiver to the fullest extent possible.

## VII.

### Disgorgement and Prejudgment Interest

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Wealth Management is liable for disgorgement of $1,322,209, representing profits gained or losses avoided as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $148,793, for a total of $1,471,002.

During the pendency of the receivership over Wealth Management and the WM Funds, the Receiver, acting on behalf of Wealth Management, shall not be required to make any payments

against this Final Judgment.  Notwithstanding anything herein to the contrary, in the event that a judgment is entered against Wealth Management in any other litigation, the Receiver shall be required to honor this judgment prior to honoring such other judgment.  In the event that the Receivership is terminated, Defendant Wealth Management shall at that time be required to satisfy its obligation to pay this Final Judgment by paying $1,471,002, within ten (10) business days after entry of this Final Judgment, to the Clerk of this Court, by certified check, bank cashier's check or United States postal money order payable to the Clerk of this Court, or pursuant to wire instructions to be provided by the Clerk of the Court.  A cover letter shall accompany each payment, identifying Wealth Management as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment Account, or such other account as is designated by Clerk.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the Clerk until further order of the Court.  In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.

With respect to payment deposited in the Court Registry, the Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.

## VIII.

## Retention of Jurisdiction

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

## Entry of Judgment

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated this __4th__ day of March, 2010.

                                                                                    s/ William C. Griesbach
                                                                                    William C. Griesbach
                                                                                    United States District Court Judge