UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

v.                                           Case No. 09-C-506

WEALTH MANAGEMENT LLC, JAMES PUTMAN,
SIMONE FEVOLA, et al.,

        Defendants.

**ORDER DENYING THE RECEIVER'S MOTION FOR
RECONSIDERATION AND FOR EMERGENCY STAY**

The Receiver has filed a motion for reconsideration of the Court's April 30, 2010 Order granting three motions for clarification or modification of the Order freezing assets in these proceedings, and requested that the Court stay its Order. (Doc. # 258.) The Receiver contends that the Court misapplied Delaware law as it relates to the property interests of limited partners in the assets of limited partnerships in liquidation. The Receiver also maintains that the Court erroneously concluded that the Brown Investment Fund LP (the "Brown Fund") is not a custodian of assets to which the freeze order applies. For the reasons stated below, the motion will be denied.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party.

It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990).

The Receiver takes issue with the Court's conclusion that because the two relief defendants controlled by the Receiver, WML Watch Stone Partners, LP ("Watch Stone") and WML Palisade Partners, LP ("Palisade"), are limited partners of the Brown Fund, they hold a legal interest in the Brown Fund itself but do not have any property interest in the partnership's assets. It is true that limited partners may be entitled to the proceeds of the liquidation of a limited partnership, Del. Code, tit. 6, § 17-804(a); but this does not affect matters in this case, where various individuals extended credit to the Brown Fund in exchange for promissory notes. This is because Delaware law also provides that when a limited partnership is liquidated, creditors of the partnership are paid ahead of the limited partners themselves. *Id*. The Court is unpersuaded that it misapplied Delaware law to the facts of this case.

The Receiver's claim that the Brown Fund is a custodian of assets covered by the freeze order is also unconvincing. Even though over 95% of the investments in the Brown Fund were made by Watch Stone and Palisade, this does not change the fact that the assets of the Brown Fund belong to it and not to either of the two limited partners the Receiver controls. Similarly, just because the Brown Fund's general partner has permitted the Receiver significant input on proposed sales of life insurance policies and approval of payments to creditors, it does not mean that the Brown Fund's assets are subject to the Order freezing assets.

2

Case 1:09-cv-00506-WCG   Filed 05/13/10   Page 2 of 3   Document 272

Accordingly, the Receiver's motion for reconsideration and to stay the Court's Order of April 30, 2010 is **DENIED**.

**SO ORDERED** this     13th     day of May, 2010.

                                               s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge