**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                                                                                  Civil Action No.: 09-C-506

WEALTH MANAGEMENT, LLC,
JAMES PUTMAN, and SIMONE FEVOLA,

    Defendants,
and

WML GRYPHON FUND, LLC;
WML WATCH STONE PARTNERS, L.P.; WML
PANTERA PARTNERS, L.P.; WML PALISADE
PARTNERS, L.P.; WML L3, LLC;
WML QUETZAL PARTNERS, L.P., and
EMPLOYEE SERVICES OF APPLETON, INC.,

    Relief Defendants.

**ORDER APPROVING SETTLEMENT BETWEEN RECEIVER
AND HOUSTON CASUALTY INSURANCE COMPANY
AND BARRING CERTAIN CLAIMS**

THIS CAUSE, coming to be heard on the *Motion of Faye B. Feinstein, Receiver for Wealth Management LLC and the Relief Defendants, for Entry of an Order (A) Approving Settlement with Houston Casualty Insurance Company; (B) Barring Certain Claims; (C) Approving Notice and Objection Procedures with Regard to (I) the Settlement and (II) the Distribution of Funds Obtained from the Settlement, and (D) Granting Related Relief* (the "Settlement Motion"; all capitalized terms

not otherwise defined herein shall have the meanings ascribed to them in the Settlement Motion); due and proper notice of the Settlement Motion having been served on all entities entitled thereto and no other or further notice being required; the sole objection to the Settlement Motion having been filed by Amy Fuss (Docket No. 293, the "Fuss Objection") and the Receiver having replied thereto (Docket No. 298); the Court having considered the Settlement Motion, the Fuss Objection, and the Receiver's reply to the Fuss Objection, and the Court otherwise being fully advised in the premises;

**BASED UPON ITS REVIEW OF THE SETTLEMENT MOTION AND THE REPRESENTATIONS OF THE PARTIES, THE COURT HEREBY FINDS THAT:**

1. Pursuant to the Court's *Order Appointing Receiver* dated May 20, 2009 (Docket No. 8) and the subsequent *First Modified Order Appointing Receiver* (Docket No. 14) (the "Modified Receiver Order"), Faye B. Feinstein was appointed Receiver for WM and the WM Funds, which receivership was later extended by the Court to include ESA.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§754, 1367(a), and the inherent equitable powers of the Court. Pursuant to Fed. R. Civ. P. 66, the Federal Rules of Civil Procedure apply to this matter.

3. On May 20, 2009, the Court entered its *Order Freezing Assets* (Docket No. 9), which restricted WM, the WM Funds, and, among others, those persons in active concert or participation with them, from, among other things, allowing transfers, dissipation, or other disposal of any funds or other properties whatsoever held by or under the control of WM or the Relief Defendants. The Order Freezing Assets was extended by a subsequent order of this Court dated May 26, 2009

(Docket No. 15), which remains in effect (the "Freeze Order"). The assets protected under the Freeze Order include the Policies (as defined below) issued by Houston Casualty.

4. The Court has also entered orders staying the instigation or pursuit of ancillary litigation against, among others, Houston Casualty, which orders also remain in place (Docket Nos. 35 and 42) (the "Litigation Stay Orders"). The Litigation Stay Orders are intended to "preserve the status quo, protect the interests of investors, creditors and other interested third parties, and to protect the Receiver's ability to fulfill her court-ordered duties."

5. By orders entered on November 20 and November 30, 2009 (Docket Nos. 161 and 167, respectively) (the "Plan Approval Orders"), the Court approved the Receiver's *Second Amended Proposed Plan of Allocation of the Assets of Wealth Management LLC, WML Gryphon Fund LLC, WML Watch Stone Partners, L.P., WML Pantera Partners, L.P., WML Palisade Partners, L.P., WML L3, LLC, and WML Quetzal Partners, L.P.* (Docket No. 163) (the "Plan").

6. Prior to the Receiver's appointment, Wealth Management LLC ("WM") obtained from Houston Casualty Insurance Company ("Houston Casualty") two successive Investment Adviser and Fund Professional and Directors and Officers Liability Insurance Policies: (a) Policy Number H708-60239, covering claims made within the policy period April 2, 2008, through April 2, 2009 (the "2008-09 Policy"), and (b) Policy Number H709-60231, covering claims made within the policy period April 2, 2009, through April 2, 2010 (the "2009-10 Policy", and, with the 2008-09 Policy, the "Policies").

7. The Receiver has tendered to Houston Casualty, through its claims administrator, Professional Indemnity Agency, Inc. ("PIA"), certain Tendered Claims for which Houston Casualty has denied coverage under the Policies.

3

8. The Receiver and Houston Casualty have negotiated the terms of this Order to resolve all disputes between them arising under the Policies, and this Order is the "Settlement Order" described in the Settlement Motion.

9. The Settlement Amount is reasonable in light of the benefits conferred upon the receivership estates by the Settlement and the risks posed by litigation in the absence of the Settlement.

10. The provisions of this Order set forth in paragraph (D) below are necessary to the implementation of the Settlement and to the realization of the value of the Policies for the receivership estates and are appropriate in light of the terms of the Plan, the Freeze Order, and the Litigation Stay Orders.

11. The Settlement as a whole is fair and equitable and is in the best interests of the receivership estates and their creditors and equity investors.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that the Settlement Motion is GRANTED;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Fuss Objection is hereby overruled.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that:

(A) Within fifteen business days of the entry of this Order on the docket of the captioned proceeding, Houston Casualty shall pay to the Receiver, in immediately available funds, the sum of FIVE HUNDRED THOUSAND AND NO HUNDREDTHS DOLLARS ($500,000.00) (the "Settlement Amount");

(B) upon payment of the Settlement Amount as provided herein, any and all liability of Houston Casualty and PIA under the Policies shall be deemed satisfied in full, whether such liability is owed to a named insured, to a claimant who is not a named insured (including present and former directors, officers, managers, members, or other equity holders of WM, or investors in the WM Funds), or is derivative of Houston Casualty's liability to the named insureds under the Policies or to the Receiver (all such liabilities, "Policy Claims");

(C) upon payment of the Settlement Amount as provided herein, the Policies shall be deemed cancelled and of no further force or effect; and

(D) upon payment of the Settlement Amount as provided herein, any of the following who received actual notice of the Settlement Motion shall be permanently enjoined and forever barred from asserting Policy Claims against or under the Policies or against Houston Casualty or PIA, in connection with the Policies: (i) the parties to the captioned action; (ii) those parties' present and former directors, officers, agents, servants, employees, managers, managing members, and attorneys; (iii) entities in active concert or participation with the entities described in the preceding clauses (i) and (ii); (iv) present and former equity holders of WM, including members, unit holders, and shareholders; and (v) investors in the WM Funds (the "Bar Provisions").

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any entity that received notice of the Settlement Motion and did not raise an objection to the relief granted herein is deemed to have consented thereto and shall be bound by this Order.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Settlement Amount shall be distributed as provided in the Plan.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Amy Fuss is barred under this Court's previous orders from enforcing her DWD Judgment against the Receiver or the

receivership estates except as a claim to be treated pursuant to the Plan and other relevant orders of this Court.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, except as amended by this Order, this Court's Decision and Order entered on September 13, 2010, at Docket No. 307 shall remain in effect.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction to enforce the terms of this Order.

Dated this  15th  day of September, 2010.

                                       s/ William C. Griesbach
                                       Honorable William C. Griesbach
                                       United States District Judge