UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

v.                             Case No. 09-C-506

WEALTH MANAGEMENT LLC, JAMES PUTMAN,
SIMONE FEVOLA, et al.,

        Defendants.

**ORDER**

The receiver has moved for entry of an order authorizing her to retain the services of Melnick & Melnick, S.C., a law firm, to investigate and prosecute an action in an effort to establish liability on the part of several individuals and entities involved with the sub-funds that the WM Funds in this action invested in. The retention agreement is a contingency-fee arrangement, meaning that no attorney's fees will be incurred by the receiver unless Melnick & Melnick is successful. The rub is that the law firm believes it could incur up to $200,000 in expenses along the way, and it is not willing to sink its own money into the effort. The receiver states that her own firm was not able or interested in pursuing this litigation.

Although there have been some objections, I am satisfied that the effort is a reasonable attempt to recover losses sustained by the investors in this action. The objections of the investors are understandable, but their *pro rata* share of the expenses are *de minimis*. The objections of James

Putman and Wood, Hat & Silver are not appropriate, as they have no stake in the expenses at issue here. Finally, I note that Melnick appears qualified to handle the litigation appropriately.

A court in this situation is not a rubber stamp, but neither does it have the ability or inclination to conduct a searching review of the receiver's actions. Ultimately, the receiver is charged with exercising judgment to discern the best method of recovering assets. Given the amount of money at stake, it is not unreasonable to attempt to pursue funds through the contingent-fee litigation that she has proposed. Finally, the receiver has repeatedly assured this Court that she is mindful of the scarcity of funds at issue here, and she states that she will not herself be a rubber stamp for expenses incurred by Melnick.

Accordingly, the motion is **GRANTED**. The Melnick engagement letter attached as Exhibit A to Dkt. # 331 is hereby approved. The Receiver is authorized to execute the Melnick engagement letter and to perform under it according to its terms. The Receiver is further authorized to make the Contribution, as described in the Motion and pursuant to the Melnick engagement letter. The Court shall retain jurisdiction to (a) hear and determine matters as described in the Motion and (b) enforce this Order.

**SO ORDERED** this ___14th___ day of February, 2011.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge