# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                                        Case No. 09-C-506

WEALTH MANAGEMENT LLC, et al.,

    Defendants.

## DECISION AND ORDER

The court-appointed receiver, Faye Feinstein, moves to compel discovery of documents she requested in a subpoena issued from this Court dated December 8, 2010. The subpoena sought documents from Wood, Hat & Silver, LLC ("WHS") and Joseph Aaron, who are not parties to this action. WHS is a limited liability company incorporated in Delaware with its principal place of business in Sonoma, California. Aaron resides there as well. WHS is the general partner of partnerships that sold limited partnerships to Wealth Management limited partners, who in turn sold interests in these limited partnerships to individuals and entities seeking to invest in life insurance policies. Aaron is the manager of WHS. The receiver argues that WHS and Aaron have refused to produce documents that would allow her to trace commissions (or kickbacks, in the receiver's opinion) from life insurance agents. Aaron has stated that the commissions flowed into the limited partnerships, but the receiver is unable to verify that with any documents thus far produced. Accordingly, she has moved to compel.

WHS and Aaron contest the motion to compel on several grounds, but their objection based on personal jurisdiction is dispositive. "A federal district court's subpoena power in most civil litigation runs only within its district (or 100 miles from its courthouse, if that is farther)." *FM Industries, Inc. v. Citicorp Credit Services, Inc.,* 614 F.3d 335, 339 (7th Cir. 2010) (citing Rule 45(b)(2)(B)). Normally, a Wisconsin district court would not have the authority to issue subpoenas to out-of-state non-parties like WHS and Aaron. (In fact, the receiver here first issued subpoenas from the Northern District of California but then withdrew them and issued subpoenas from this Court a few days later.) In a case like this, however, the receiver statutes allow a receiver nationwide service of process for "property, real, personal, or mixed, situated in different districts . . . in any such district as if the property lay wholly within one district." 28 U.S.C. § 1692. The receiver cites this section as authority for her December 8 subpoena to WHS and Aaron as well as the motion to compel.

But before § 1692 may be invoked as a source of personal jurisdiction, the receiver must have filed a copy of the complaint and order appointing the receiver in that district within 10 days of being appointed receiver. 28 U.S.C. § 754. Pursuant to § 754, "the territorial jurisdiction of the appointing court is extended to any district of the United States where property believed to be that of the receivership estate is found, provided that the proper documents have been filed in each such district as required by § 754." *S.E.C. v. Bilzerian,* 378 F.3d 1100, 1104 (D.C. Cir. 2004) (quoting *Haile v. Henderson National Bank,* 657 F.2d 816, 823 (6th Cir. 1981)). In other words, the filing of the complaint in another district within the statutory 10-day period acts to extend the receiver court's personal jurisdiction over individuals in that district.

The receiver concedes that compliance with § 754 is necessary. She argues that she did comply with § 754 because she filed a copy of the complaint and order appointing her as receiver in Delaware, where WHS is incorporated. But § 754 requires that the complaint and order of appointment must be filed in each district in which the receiver expects to invoke the jurisdiction of the appointing court. Here, the receiver is attempting to compel production of documents from WHS and Joseph Aaron, who are both domiciled in the Northern District of California. The receiver has not cited any authority that would allow this Court to exercise personal jurisdiction over non-party California residents merely because she filed certain documents in a Delaware court. This Court would have personal jurisdiction over WHS and Aaron if the documents were in Delaware or Wisconsin, but I am unable to conclude that personal jurisdiction exists when the materials sought are apparently in California. *See, e.g., Steinberg ex rel. Lancer Management Group LLC v. Alpha Fifth Group,* 2010 WL 1332844, *2 (S.D. Fla. 2010) ("Since UNH is subject to personal jurisdiction in the Southern District of New York where the Receiver filed the Receivership Order and the Order of Reappointment, this Court has personal jurisdiction over UNH by virtue of 28 U.S.C. §§ 754 and 1692 and the Court's powers of nationwide service of process under Rule 4(k)(1)(D).")

Accordingly, the motion to compel is **DENIED** because this Court lacks personal jurisdiction over WHS and Aaron.

**SO ORDERED** this   15th   day of February, 2011.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge