UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                                                                                                             Case No. 09-C-506

WEALTH MANAGEMENT LLC, et al.,

    Defendants.

## DECISION AND ORDER

The court-appointed receiver, Faye Feinstein, moves for reconsideration of my order denying her motion to compel discovery of documents she requested in a subpoena. The subpoena was contested on the basis of personal jurisdiction, and I found that ground dispositive in denying the motion to compel. The receiver statutes allow a receiver nationwide service of process for "property, real, personal, or mixed, situated in different districts . . . in any such district as if the property lay wholly within one district." 28 U.S.C. § 1692. Section 1692 also requires compliance with § 754, however. That section provides: "Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district." Although the receiver had filed these documents in Delaware, where property of the receivership estate is found, she did not file such documents in California, where the documents now sought are apparently located and where Joseph Aaron, one of the recipients of the subpoena, is domiciled.

Accordingly, I found no jurisdiction over the parties that would allow me to compel their compliance with the subpoena.

**I. Jurisdiction**

The receiver argues that I erred because § 754 applies only to "property believed to be that of the receivership," *Haile v. Henderson National Bank,* 657 F.2d 816, 823 (6th Cir. 1981), and the documents at issue here are *not* receivership property – they are business records of two non-receivership funds and those funds' general partner. As such, all the receiver needed to do to comply with § 754 was to file the appropriate documents in districts where receivership property was located (i.e., Delaware). Delaware is the appropriate district, she asserts, because the entity to whom the subpoena was targeted, Wood, Hat & Silver, LLC ("WHS") is a Delaware limited liability corporation. Once she filed the appropriate paperwork in Delaware, the receiver complied with § 754 and extended this Court's jurisdiction to that state, where WHS is incorporated. As such, this Court could exercise personal jurisdiction to order WHS to comply with the subpoena. Contrary to this Court's holding, the physical location of the documents sought does not matter because this Court is merely ordering an entity commanded by the subpoena (WHS) to comply with that subpoena, and WHS, a Delaware entity, falls within the requisite jurisdiction. *See Dexia Credit Local v. Rogan,* 231 F.R.D. 538, 541 (N. D. Ill. 2004). Otherwise, as the receiver points out, an entity subject to a subpoena could simply keep moving the documents around from state to state in order to evade a court's jurisdiction. Because the receiver complied with § 754, I will grant the motion for reconsideration.

**II. The Documents Sought**

Having concluded that there is jurisdiction, the question is whether WHS and / or Aaron should be compelled to produce the documents in question. Some background is necessary to understand the parties' complex relationship. Faye Feinstein is the court-appointed receiver for Wealth Management LLC and numerous other funds (the "WM Funds"). Some of these funds bought limited partnerships in funds called Baetis and Brown, both of which are Delaware limited partnerships, with WHS acting as their general partner. The Baetis and Brown funds invested in life insurance policies. The receiver alleges that Joseph Aaron, the managing member of WHS, accepted a million dollars' worth of "commissions" from life insurance agents who originated the insurance policies, and such commissions were not disclosed to investors. In a deposition, Aaron testified that any commissions he received were returned to the Baetis and Brown funds, but he did not know how that was accomplished or whether documentation to that effect existed. The receiver asserts that Aaron's commissions were earned by (and owed to) the investors in Baetis and Brown (*i.e.,* the WM Funds), and she wants to ensure that the commissions actually did flow back into those funds rather than being retained by Aaron himself. She also states that the limited partnership agreements allow the WM Funds a full accounting of the books of Baetis and Brown, as well as the general partner, WHS.

WHS and Aaron argue that Feinstein is on a fishing expedition that exceeds her authority as a court-appointed receiver. They also argue it would be burdensome, as a non-party, to comply with her requests. The receiver has responded by noting that the WM Funds were the sole limited partners in Baetis, and nearly the sole partners in Brown. They invested more than $60 million in those two funds, and as such it could hardly be viewed as "burdensome" if the general partner is

3

asked to provide annual audited financial statements and the like to its principal investors. Moreover, the court order appointing the receiver authorized her to track down WM Funds' assets and to prevent their dissipation, and this is merely an effort within the penumbra of that authority to ensure that the $1 million in "commissions" was properly credited to the Brown and Baetis funds. It is true that these funds are non-parties to this action, but the information now sought is on behalf of their principal investors, not strangers. Moreover, the receiver is tasked with representing investors and the Court in pursuing funds. As such, there is little reason to believe that she has a personal or financial interest in harassing other entities or pursuing dead ends. In other words, because a receiver is not a financial competitor or a traditional oppositional litigant, she is afforded a certain amount of deference in her decisions. In light of the above, I am satisfied that the subpoena was within the authority of the receiver and WHS's compliance with it will not be overly burdensome.[1]

The motion for reconsideration is **GRANTED**. The motion to compel [315] is **GRANTED**.

**SO ORDERED** this   26th   day of April, 2011.

          s/ William C. Griesbach
          William C. Griesbach
          United States District Judge

---

[1] WHS and Aaron also argue that a full accounting under Delaware corporate law must be ordered in Delaware courts. My order granting the motion to compel does not order a specific accounting procedure, as provided for by Delaware law, but merely compliance with the subpoena.