UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

   v.                                              Case No. 09-C-506

WEALTH MANAGEMENT LLC, et al.,

        Defendant.

**ORDER FOURTH INTERIM APPLICATION FOR ALLOWANCE
OF PAYMENT OF COMPENSATION AND EXPENSES**

      The Receiver in the above matter has filed a Fourth Interim Application for Fees and Expenses for actual and necessary legal services rendered during the period from June 1, 2010 to May 31, 2011. The Application requests approval of fees of $576,065.25 for the Receiver and her law firm, Quarles and Brady, LLP ("Q&B"), and disbursements of $28,646.96 for the period from June 1, 2010, through May 31, 2011. The application itself is thirty-nine pages long and the itemized bill for attorney's fees is over one hundred thirty-three pages long. The application was filed on August 3, 2011, and the following day the Court entered a scheduling order requiring that objections be filed within 30 days. No objections have been filed and the Application indicates that it was submitted to the SEC for review as required by the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" dated October 1, 2008.

The amount of compensation to be awarded a court-appointed receiver is within the court's discretion. *Gaskill v. Gordon*, 27 F.3d 248, 253 (7th Cir. 1994). In exercising its discretion, the court may "consider all of the factors involved in a particular receivership." *Id.* These factors include "the complexity of problems faced, the benefits to the receivership estate, the quality of the work performed, and the time records presented." *S.E.C. v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y.1973); *see also United States v.Code Prods. Corp.*, 362 F.2d 669, 673 (3d Cir.1966) ("In allowing fees the considerations are the time, labor and skill required, but not necessarily that actually expended, in the proper performance of the duties imposed by the court upon the receivers, the fair value of such time, labor and skill measured by conservative business standards, the degree of activity, integrity and dispatch with which the work is conducted and the result obtained.") "Opposition or acquiescence by the SEC to the fee application will be given great weight." *S.E.C. v. Byers*, 590 F. Supp. 2d at 644 (quoting *First Ave. Coach Lines*, 364 F. Supp. at 122). Finally, as other courts have recognized, "it is unreasonable to expect a trial judge to evaluate and rule on every entry in an application." *S.E.C. v. Northshore Asset Management*, Case No. 05 Civ 2192, 2009 WL 3122608, *5 (S.D. N.Y. Sept. 29, 2009) (unpublished).

The Court cannot help but be concerned over the amount of legal fees generated in this case. The Court has already approved fees for the Receiver and her law firm totaling more than $1.1 million in the first three interim applications. The additional fees now under consideration will bring the total to around $1.7 million. Of the $102 million invested with Wealth Management and its various funds, slightly more than $6.3 million has been distributed to some 300 investors by the Receiver. And while the fact that the Receiver is using her own law firm to perform the legal services required in the matter no doubt offers opportunities for efficiency, it would also

2

appear to reduce the incentive a receiver might otherwise have to exercise greater control over those expenses. Indeed, at least one court has recommended that the SEC seek appointment of business professionals experienced in the business of the company as receivers rather than seeking appointment of an attorney as the receiver. The experienced business professional would then be able to retain counsel as needed to assist with legal work. *S.E.C. v. Kirkland*, Case No. 6:06–cv–183–Orl–28KRS, 2008 WL 4144424, * 8, n. 7 (M.D. Fla. Sept. 5, 2008) (unpublished).

This is not to say that the fees requested here, however, are unreasonable or that the Receiver has not used every effort to control administrative costs and legal expenses incurred in the massive and complex undertaking assigned to her. In this regard, it should also be noted that Q&B has continued to charge for its services at the same rates as when the case began and has discounted the rate charged for partners by 10% and for travel by 50%. It is also clear that the legal services provided have resulted in several significant additions to the Receiver Estate and, perhaps most importantly, the Receiver Team has regularly consulted with the Investor Committee and kept it apprised of its efforts. Given these facts, the absence of any objection by the investors and the review by the SEC, the Court will approve the application and find that the fees and costs requested are reasonable. The Court notes that the rate at which fees are incurred has significantly slowed since the commencement of the Receivership as one would expect. Though the fees requested exceed previous requests, the most recent application covers a period of a year, whereas the first covered a period of a month-and-a-half, and the second and third covered five-month periods. The Court expects, as the Receiver predicts in her application, that legal fees will significantly decrease in the future. Accordingly, the Court finds as follows:

3

1. Based upon the time, nature, extent, and value of the services performed by the Receiver Team, the responsibilities assumed by the Receiver Team, the rates charged by the Receiver Team, the results achieved to date, and the costs of comparable services, the compensation for services rendered and reimbursement of expenses sought in the Application are reasonable, necessary, and commensurate with the skill and experience required for the activities performed.

2. The fair value of services rendered by the Receiver Team during the Subject Period is not less than $576,065.75.

3. Q&B incurred $28,646.96 in actual and necessary expenses during the Subject Period, all of which are reimbursable pursuant to the Billing Instructions.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that the Application is **GRANTED**;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Receiver Team is hereby allowed interim compensation in the sum of $576,065.75 (the "Allowed Fees") for actual and necessary legal services rendered during the Subject Period to the Receiver Estate;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Q&B is hereby allowed reimbursement of expenses in the sum of $28,646.96 (the "Allowed Expenses") for actual and necessary expenses incurred on behalf of the Receiver Estate during the Subject Period;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Receiver is hereby authorized to pay, on an interim basis, the Allowed Fees and Allowed Expenses to Q&B from the assets of the Receiver Estate and to allocate the Allowed Fees and Allowed Expenses among Wealth Management LLC, and the Relief Defendants as described in the Application; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that entry of this Order is without prejudice to the right of the Receiver Team to seek additional compensation for any services rendered to, and reimbursement of any additional expenses incurred on behalf of, the Receiver Estate subsequent to the Subject Period.

**SO ORDERED** this   26th   day of September, 2011

                                              s/ William C. Griesbach
                                              Honorable William C. Griesbach
                                              United States District Judge