UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                                        Civil Action No: 09-C-506

WEALTH MANAGEMENT, LLC,
JAMES PUTMAN, and SIMONE FEVOLA,

    Defendants, and

WML GRYPHON FUND, LLC; WML WATCH STONE
PARTNERS, L.P.; WML PANTERA PARTNERS, L.P.;
WML PALISADE PARTNERS, L.P.; WML L3, LLC;
WML QUETZAL PARTNERS, L.P., and EMPLOYEE
SERVICES OF APPLETON, INC.,

    Relief Defendants.

**ORDER AUTHORIZING ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES TO ALAN D. LASKO & ASSOCIATES, P.C., ACCOUNTANTS TO THE RECEIVER, FOR THE PERIOD FROM JULY 6, 2010, THROUGH JUNE 30, 2011**

**THIS CAUSE**, coming to be heard on the Second Interim Application for Allowance and Payment of Compensation to, and for Reimbursement of Expenses of, Alan D. Lasko & Associates, P.C. ("ADLPC"), Accountants to the Receiver for Wealth Management LLC and the WM Funds, for the Period from July 6, 2010 through June 30, 2011 (the "Application"; all capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application); due and proper notice of the Application having been served on all entities entitled thereto and no other or further notice having been required; the Application having included a "Certification of Alan D. Lasko" (the "Certification"); no objections to the Court's granting of the Application having been

filed within the time period specified in the Court's related scheduling order, and the Court being otherwise fully advised in the premises;

**BASED ON ITS REVIEW OF THE APPLICATION AND THE CERTIFICATION AND UPON THE REPRESENTATIONS OF THE PARTIES, THE COURT HEREBY FINDS THAT:**

1. Pursuant to (a) the Court's *Order Appointing Receiver* dated May 20, 2009 (Docket No. 8) (the "Initial Receiver Order"); (b) the Court's *First Modified Order Appointing Receiver* (Docket No. 14) (the "Modified Receiver Order" and, with the Initial Receiver Order, the "Appointment Orders"), Faye B. Feinstein (the "Receiver") was duly appointed to serve as Receiver for Wealth Management, LLC, and the WM Funds, effective May 20, 2009. By order dated August 18, 2009 (Docket No. 54), the Court extended the receivership to ESA.

2. Pursuant to the Appointment Orders, the Receiver has retained the financial consultants and other professionals of ADLPC to assist her in performing her duties as Receiver.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§754, 1367(a), and the inherent equitable powers of the Court. Pursuant to Fed. R. Civ. P. 66, the Federal Rules of Civil Procedure apply to this matter.

4. The hourly rates charged by ADLPC for services rendered to the Receiver Estate by ADLPC represent a $4,641.10 discount from the hourly rates charged by ADLPC for similar work performed for other ADLPC clients at the time the Receiver was appointed. This discount to ADLPC's regular billing rates was agreed to between the Receiver and ADLPC.

5. Before filing the Application, the Receiver submitted it to the SEC for review, as required by the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission", dated October 1, 2008 (the "Billing Instructions").

6. During the Subject Period, ADLPC devoted no less than 227.7 hours to the performance of necessary and valuable services on behalf of the Receiver Estate.

7. Based upon the time, nature, extent, and value of the services performed by ADLPC, the responsibilities assumed by ADLPC, the rates charged by ADLPC, the results achieved to date, and the costs of comparable services, the compensation for services rendered and reimbursement of expenses sought in the Application are reasonable, necessary, and commensurate with the skill and experience required for the activities performed.

8. The fair value of services rendered by ADLPC during the Subject Period is not less than $35,000.00.

9. ADLPC incurred $61.10 in actual and necessary expenses during the Subject Period, all of which are reimbursable pursuant to the Billing Instructions.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that the Application is GRANTED;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that ADLPC is hereby allowed interim compensation in the sum of $35,000.00 (the "Allowed Fees") for actual and necessary legal services rendered during the Subject Period to the Receiver Estate;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that ADLPC is hereby allowed reimbursement of expenses in the sum of $61.10 (the "Allowed Expenses") for actual and necessary expenses incurred on behalf of the Receiver Estate during the Subject Period;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Receiver is hereby authorized to pay, on an interim basis, the Allowed Fees and Allowed Expenses to ADLPC from the assets of the Receiver Estate and to allocate the Allowed Fees and Allowed Expenses among Wealth Management, LLC, and the Relief Defendants as described in the Application; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that entry of this Order is without prejudice to the right of ADLPC to seek additional compensation for any services rendered to, and reimbursement of any additional expenses incurred on behalf of, the Receiver Estate subsequent to the Subject Period.

**SO ORDERED** this   26th   day of September 2011

                                                s/ William C. Griesbach
                                                Honorable William C. Griesbach
                                                United States District Judge