# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

    v.                                      Case No. 09-C-506

WEALTH MANAGEMENT, LLC, et al.,

        Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

*Pro se* Defendant James Putman moves for reconsideration of this Court's decision and order granting summary judgment to the Plaintiff, the Securities and Exchange Commission. In my ruling, dated April 24, 2012, I noted that the plaintiff had properly included the various *pro se* notices required by Civil Local Rule 56, which alerted Putman that "any factual assertion in the SEC's affidavits, declarations, or other admissible documentary evidence will be accepted by the Court as being true unless James Putman submits his own affidavits, declarations, or other admissible documentary evidence contradicting the factual assertion." (Dkt. No. 376 at 2.)[1] Although Putman had filed his own motion for summary judgment, he did not meaningfully respond to the government's motion and did not file supporting affidavits or other evidence. Accordingly, I found no material disputes as to the facts the government proposed and accepted them as true. This resulted in a grant of summary judgment in the government's favor.

---

[1]The government concedes that it did not include the text of each section of Civil Local Rule 56, but the portion cited is the key one.

Putman now argues that he is unschooled in the law and the particulars of summary judgment practice, and that his ignorance should forgive his failure to respond. But of course that is true of any *pro se* litigant. The obvious purpose of the Civil L.R. 56(a) is to alert the *pro se* party that silence in the face of a dispositive motion could be fatal. Thus, it makes little sense to protest that one should be excused because he is unschooled in the law—the rule *assumes* that the *pro se* litigant is unschooled in the law. Accepting Putman's argument that being unschooled in the law should excuse him from the rules ignores the fact that the rules already account for his argument and provide a preemptive means of remedying the problem.

Rule 59(e) (which allows so-called motions for reconsideration) "does not provide a vehicle for a party to undo its own procedural failures," *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir. 2000). When a litigant pleads ignorance of the law, the question is whether that ignorance constitutes excusable neglect. *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (1993). Here, the *pro se* litigant is an intelligent individual who ran an investment company for many years, often overseeing millions of dollars of other people's money. He is not an attorney, of course, but he is familiar through experience with the securities laws and understood the claims brought against him. He has been able to articulate his legal position and labors under no appreciable mental illness or disease. In short, Putman is far more sophisticated than the typical *pro se* litigant this Court sees on a routine basis. His excuse, simply, is that he was not aware of the consequences of remaining silent in the face of the government's summary judgment motion.

2

Allowing such a generalized pleading of legal ignorance would undermine summary judgment procedures and the rule that is designed to prevent this very circumstance from happening. It is undisputed that the motion the government filed alerted Putman that the facts it proposed would be taken as true if not responded to. This rule has routinely been enforced. *Coleman v. Goodwill Industries of Southeastern Wisconsin, Inc.* 423 Fed. Appx. 642 (7th Cir. 2011); *Stevo v. Frasor,* 662 F.3d 880, 886–87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings.") Allowing a do-over now would waste judicial resources and would not serve the interests of justice. Accordingly, the motion for reconsideration is **DENIED**. The motion to vacate the judgment is also **DENIED**.

  **SO ORDERED** this  3rd  day of July, 2012.


        s/ William C. Griesbach
       William C. Griesbach
       United States District Judge

3