UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                         Civil Action No: 09-C-506

WEALTH MANAGEMENT, LLC,
JAMES PUTMAN, and SIMONE FEVOLA,

    Defendants, and

WML GRYPHON FUND, LLC;
WML WATCH STONE PARTNERS, L.P.; WML
PANTERA PARTNERS, L.P.; WML PALISADE
PARTNERS, L.P.; WML L3, LLC;
WML QUETZAL PARTNERS, L.P., and
EMPLOYEE SERVICES OF APPLETON, INC.,

    Relief Defendants.

**ORDER AUTHORIZING ALLOWANCE AND PAYMENT OF INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES TO
(I) FAYE. B. FEINSTEIN, RECEIVER FOR WEALTH MANAGEMENT LLC
AND THE RELIEF DEFENDANTS, AND (II) QUARLES & BRADY LLP,
AS COUNSEL TO THE RECEIVER, FOR THE PERIOD FROM
<u>JUNE 1, 2019, THROUGH MAY 31, 2020</u>**

THIS CAUSE, coming to be heard on the Status Report and Thirteenth Interim Application for Allowance and Payment of Compensation to, and for Reimbursement of Expenses of, (I) Faye B. Feinstein, Receiver for Wealth Management LLC and the Relief Defendants, and (II) Quarles & Brady LLP, as Counsel to the Receiver, for the Period from June 1, 2019, through May 31, 2020 (the "Application"; all capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application); due and proper notice of the Application having been served on all entities entitled thereto and no other or further notice having been required; the Application having included a "Certification of Faye B. Feinstein,

Receiver" (the "Certification"); no objections to the Court's granting of the Application having been filed within the time period specified in the Court's related scheduling order entered at Docket No. 494, and the Court being otherwise fully advised in the premises;

**BASED ON ITS REVIEW OF THE APPLICATION AND THE CERTIFICATION AND ON THE LACK OF OBJECTIONS TO THE SAME, THE COURT HEREBY FINDS THAT:**

1. Pursuant to (a) the Court's *Order Appointing Receiver* dated May 20, 2009 (Docket No. 8) (the "Initial Receiver Order"), and (b) the Court's *First Modified Order Appointing Receiver* (Docket No. 14) (the "Modified Receiver Order" and, with the Initial Receiver Order, the "Appointment Orders"), Faye B. Feinstein (the "Receiver") was duly appointed to serve as Receiver for Wealth Management, LLC, and the WM Funds, effective May 20, 2009. By order dated August 18, 2009 (Docket No. 54), the Court extended the receivership to ESA.

2. Pursuant to the Appointment Orders, the Receiver has retained the attorneys and other professionals of Quarles & Brady LLP ("Q&B" and, with the Receiver, collectively, the "Receiver Team") to assist her in performing her duties as Receiver.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§754, 1367(a), and the inherent equitable powers of the Court. Pursuant to Fed. R. Civ. P. 66, the Federal Rules of Civil Procedure apply to this matter.

4. The hourly rates charged by the Receiver Team for services rendered to the Receiver Estate by Q&B attorneys and paraprofessionals who provided services during the Subject Period represent discounts of up to 20% from the ordinary rates currently charged by those attorneys and paraprofessionals for similar work performed for other Q&B clients. This discount to Q&B's regular partner billing rates, including the billing rate of the Receiver, has

been agreed to between Q&B and the United States Securities and Exchange Commission ("SEC").

5. Before filing the Application, the Receiver submitted it to the SEC for review, as required by the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission", dated October 1, 2008 (the "Billing Instructions").

6. During the Subject Period, the Receiver Team devoted no less than 245.90 hours to the performance of necessary and valuable services on behalf of the Receiver Estate.

7. Based upon the time, nature, extent, and value of the services performed by the Receiver Team, the responsibilities assumed by the Receiver Team, the rates charged by the Receiver Team, the results achieved to date, and the costs of comparable services, the compensation for services rendered and reimbursement of expenses sought in the Application are reasonable, necessary, and commensurate with the skill and experience required for the activities performed.

8. The fair value of services rendered by the Receiver Team during the Subject Period is not less than $107,635.65.

9. Q&B incurred $126.50 in actual and necessary expenses during the Subject Period, all of which are reimbursable pursuant to the Billing Instructions.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that the Application is GRANTED;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Receiver Team is hereby allowed interim compensation in the sum of $107,635.65 (the "Allowed Fees") for actual and necessary legal services rendered during the Subject Period to the Receiver Estate;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Q&B is hereby allowed reimbursement of expenses in the sum of $126.50 (the "Allowed Expenses") for actual and necessary expenses incurred on behalf of the Receiver Estate during the Subject Period;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Receiver is hereby authorized to pay, on an interim basis, the Allowed Fees and Allowed Expenses to Q&B from the assets of the Receiver Estate and to allocate the Allowed Fees and Allowed Expenses among Wealth Management LLC, and the Relief Defendants as described in the Application; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that entry of this Order is without prejudice to the right of the Receiver Team to seek additional compensation for any services rendered to, and reimbursement of any additional expenses incurred on behalf of, the Receiver Estate subsequent to the Subject Period.

**SO ORDERED** at Green Bay, Wisconsin this 7th day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
