UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

      v.                                        Case No. 09-C-506

WEALTH MANAGEMENT LLC, et al.,

      Defendants.

---

**ORDER GRANTING NINTH INTERIM AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION TO, AND FOR REIMBURSEMENT OF EXPENSES OF, ALAN D. LASKO & ASSOCIATES, P.C., AS ACCOUNTANTS TO THE RECEIVER**

---

THIS CAUSE, coming to be heard on the Ninth Interim and Final Application for Allowance and Payment of Compensation to, and for Reimbursement of Expenses of, Alan D. Lasko & Associates, P. C. ("ADLPC"), as accountants to the Receiver for Wealth Management LLC and the captioned Relief Defendants (the "Application"; all capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application); due and proper notice of the Application having been served on all entities entitled thereto and no other or further notice having been required; the Application having included a "Certification of Alan D. Lasko" (the "Certification"); no objections to the Court's granting of the Application having been filed within the time period specified in the Court's related scheduling order entered at Docket No. 517, and the Court being otherwise fully advised in the premises;

**BASED ON ITS REVIEW OF THE APPLICATION AND THE CERTIFICATION AND UPON THE REPRESENTATIONS OF THE PARTIES, THE COURT HEREBY FINDS THAT:**

1. Pursuant to (a) the Court's *Order Appointing Receiver* dated May 20, 2009 (Docket No. 8) (the "Initial Receiver Order"); (b) the Court's *First Modified Order Appointing Receiver* (Docket No. 14) (the "Modified Receiver Order" and, with the Initial Receiver Order, the "Appointment Orders"), Faye B. Feinstein (the "Receiver") was duly appointed to serve as Receiver for Wealth Management, LLC, and the WM Funds, effective May 20, 2009. By order dated August 18, 2009 (Docket No. 54), the Court extended the receivership to ESA.

2. Pursuant to the Appointment Orders, the Receiver retained the financial consultants and other professionals of ADLPC to assist her in performing her duties as Receiver.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§754, 1367(a), and the inherent equitable powers of the Court. Pursuant to Fed. R. Civ. P. 66, the Federal Rules of Civil Procedure apply to this matter.

4. The fees sought by ADLPC for services rendered to the Receiver Estate by ADLPC during the Current Period represent an aggregate discount of $3,090.50 from the hourly rates ordinarily charged by ADLPC for similar work performed for other clients of ADLPC. This discount to ADLPC's regular billing rates was agreed to between the Receiver and ADLPC.

5. Before filing the Application, the Receiver submitted it to the SEC for review, as required by the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission", dated October 1, 2008 (the "Billing Instructions").

6. During the Current Period, ADLPC devoted no less than 89.1 hours to the performance of necessary and valuable services on behalf of the Receiver Estate.

7. Based upon the time, nature, extent, and value of the services performed by ADLPC, the responsibilities assumed by ADLPC, the rates charged by ADLPC, the results achieved to date, and the costs of comparable services, the compensation for services rendered during the Current

Period sought in the Application is reasonable, necessary, and commensurate with the skill and experience required for the activities performed.

8. The fair value of services rendered by ADLPC during the Current Period is not less than $17,513.30. ADLPC does not seek reimbursement for expenses for the Current Period.

9. For the period from the appointment of the Receiver through February 19, 2022 (the "Final Application Period") (which includes the Current Period), ADLPC devoted not less than 1,819.60 hours to the performance of necessary and valuable services on behalf of the Receiver Estate.

10. The aggregate fair value of the services rendered by ADLPC during the periods prior to the Current Period is not less than $273,828.08 (the "Prior Period Fees").

11. ADLPC incurred $1,389.13 in actual and necessary expenses during the periods prior to the Current Period (the "Prior Period Expenses"), all of which are reimbursable pursuant to the Billing Instructions.

12. ADLPC has been paid, on an interim basis, all of the Prior Period Fees and Prior Period Expenses.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that the Application is GRANTED;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that ADLPC is hereby allowed compensation for the Current Period in the sum of $17,513.30 (the "Allowed Current Period Fees") for actual and necessary services rendered during the Current Period to the Receiver Estate, and that such allowance is approved as final;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Receiver is hereby authorized to pay the Allowed Current Period Fees from assets of the Receiver Estate and

to allocate the Allowed Current Period Fees among the Relief Defendants in keeping with prior Applications made by ADLPC and by the Receiver;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Prior Period Fees and Prior Period Expenses are hereby allowed on a final basis;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all payments of Prior Period Fees and Prior Period Expenses are approved as final;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the payment of the Allowed Current Period Fees is approved as final.

Dated at Green Bay, Wisconsin this 1st day of June, 2022.

        s/ William C. Griesbach  
        William C. Griesbach  
        United States District Judge