# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                                              Case No: 09-C-506

WEALTH MANAGEMENT, LLC,
JAMES PUTMAN, and SIMONE FEVOLA,

    Defendants, and

WML GRYPHON FUND, LLC;
WML WATCH STONE PARTNERS, L.P.; WML
PANTERA PARTNERS, L.P.; WML PALISADE
PARTNERS, L.P.; WML L3, LLC;
WML QUETZAL PARTNERS, L.P., and
EMPLOYEE SERVICES OF APPLETON, INC.,

    Relief Defendants.

## ORDER AUTHORIZING ALLOWANCE AND PAYMENT OF FINAL COMPENSATION AND FINAL REIMBURSEMENT OF EXPENSES TO (I) FAYE B. FEINSTEIN, RECEIVER FOR WEALTH MANAGEMENT LLC AND THE RELIEF DEFENDANTS, AND (II) QUARLES & BRADY LLP, AS COUNSEL TO THE RECEIVER

THIS CAUSE, coming to be heard on the Final Status Report and Final Application for Allowance and Payment of Compensation to, and for Reimbursement of Expenses of, (I) Faye B. Feinstein, Receiver for Wealth Management LLC and the Relief Defendants, and (II) Quarles & Brady LLP, as Counsel to the Receiver (the "Application"; all capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application); due and proper notice of the Application having been served on all entities entitled thereto and no other or further notice having been required; the Application having included a "Certification of Faye B. Feinstein, Receiver" (the "Certification"); no objections to the Court's granting of the Application having

been filed within the time period specified in the Court's related scheduling order entered at Docket No. 523, and the Court being otherwise fully advised in the premises;

**BASED ON ITS REVIEW OF THE APPLICATION AND THE CERTIFICATION AND ON THE LACK OF OBJECTIONS TO THE SAME, THE COURT HEREBY FINDS THAT:**

1. Pursuant to (a) the Court's *Order Appointing Receiver* dated May 20, 2009 (Docket No. 8) (the "Initial Receiver Order"), and (b) the Court's *First Modified Order Appointing Receiver* (Docket No. 14) (the "Modified Receiver Order" and, with the Initial Receiver Order, the "Appointment Orders"), Faye B. Feinstein (the "Receiver") was duly appointed to serve as Receiver for Wealth Management, LLC, and the WM Funds, effective May 20, 2009. By order dated August 18, 2009 (Docket No. 54), the Court extended the receivership to ESA.

2. Pursuant to the Appointment Orders, the Receiver has retained the attorneys and other professionals of Quarles & Brady LLP ("Q&B" and, with the Receiver, collectively, the "Receiver Team") to assist her in performing her duties as Receiver.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§754, 1367(a), and the inherent equitable powers of the Court. Pursuant to Fed. R. Civ. P. 66, the Federal Rules of Civil Procedure apply to this matter.

4. The Receiver has represented that the hourly rates charged by the Receiver Team for services rendered to the Receiver Estate by Q&B attorneys and paraprofessionals who provided such services represent significant discounts from the ordinary rates charged by those attorneys and paraprofessionals for similar work performed for other Q&B clients. The rate structures applied by Q&B to the Application and all Prior Applications were approved by the SEC.

5. Before filing the Application, the Receiver submitted it to the SEC for review, as required by the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission", dated October 1, 2008 (the "Billing Instructions").

6. During the Current Period (*i.e.*, from June 1, 2021 through May 31, 2022), the Receiver Team devoted no less than 290.60 hours to the performance of necessary and valuable services on behalf of the Receiver Estate.

7. During the Prior Period (*i.e.*, from the date of the Receiver's appointment through May 31, 2021), the Receiver Team devoted no less than 8,424.20 hours to the performance of necessary and valuable services on behalf of the Receiver Estate.

8. Based upon the time, nature, extent, and value of the services performed by the Receiver Team, the responsibilities assumed by the Receiver Team, the rates charged by the Receiver Team, the results achieved to date, and the costs of comparable services, the compensation for services rendered and reimbursement of expenses sought in the Application for the Current Period and the Prior Period are reasonable, necessary, and commensurate with the skill and experience required for the activities performed.

9. The fair value of services rendered by the Receiver Team during the Current Period is not less than $135,040.70.

10. Q&B incurred $448.73 in actual and necessary expenses during the Current Period, all of which are reimbursable pursuant to the Billing Instructions.

11. The fair value of services rendered by the Receiver Team during the Prior Period is not less than $2,879,304.00.

12. Q&B incurred $77,082.14 in actual and necessary expenses during the Prior Period, all of which are reimbursable pursuant to the Billing Instructions.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that the Application is GRANTED;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Receiver Team is hereby allowed compensation in the sum of $135,040.70 for actual and necessary services rendered to the Receiver Estate during the Current Period;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Q&B is hereby allowed reimbursement of expenses in the sum of $448.73 for actual and necessary expenses incurred in connection with those services on behalf of the Receiver Estate during the Current Period;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the allowances described above are approved as final;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Receiver is hereby authorized to pay to Q&B the Current Period Fees in the sum of $135,040.70 and the Current Period Expenses in the sum of $448.73 from the assets of the Receiver Estate, to the extent of funds available in the Receiver Estate, and all such payments are approved as final;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all interim awards of Prior Period Fees, in the aggregate amount of $2,879,304.00, and the payment thereof, are approved as final, and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all interim awards of Prior Period Expenses, in the aggregate amount of $77,082.14, and the payment thereof, are approved as final.

Dated this <u>16th</u> day of August, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
